IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

KENNETH EARL FULTS,

   Petitioner,

    v.

WARDEN STEPHEN UPTON,

   Respondent.

CIVIL ACTION FILE
NO. 3:09-CV-86-TWT

ORDER

This is a petition for a writ of habeas corpus in a state death penalty case. It is before the Court on the Petitioner's Motion for Reconsideration [Doc. 32]. For the reasons set forth below, the Petitioner's Motion is DENIED.

I. Background

This case arises from the murder of Cathy Bounds on January 30, 1996. The Petitioner, Kenneth Fults, pled guilty to malice murder. At sentencing, the jury imposed the death penalty. The Petitioner then filed a motion for new trial on June 19, 1997, and an amended motion for new trial on March 16, 2000. The trial court denied the motion. Fults filed a notice of appeal to the Georgia Supreme Court on April 14, 2000. Because he had new counsel for his appeal, the Georgia Supreme Court remanded the Petitioner's case back to the trial court. The trial court conducted

a hearing on the effectiveness of the Petitioner's trial counsel on December 1, 2000, and again denied the Petitioner's motion for a new trial. Fults filed a notice of appeal to the Georgia Supreme Court on December 29, 2000. The Georgia Supreme Court affirmed the Petitioner's convictions and sentences on June 11, 2001. Fults v. State, 274 Ga. 82 (2001). The United States Supreme Court denied his petition for a writ of certiorari and petition for rehearing. Fults v. Georgia, 535 U.S. 1043 (2002).

Fults next filed a petition for a writ of habeas corpus on November 26, 2002, in the Superior Court of Butts County, Georgia. The court held an evidentiary hearing that lasted from March 20, 2007 through March 22, 2007. It denied the petition on December 28, 2007, finding that most of the claims were procedurally defaulted and deciding some claims on the merits. The Georgia Supreme Court denied the Petitioner's application for certificate of probable cause to appeal, and the United States Supreme Court denied his petition for writ of certiorari. Fults v. Upton, 130 S. Ct. 275 (2009).

Finally, the Petitioner sought a writ of habeas corpus from this Court. The Respondent moved to dismiss the Petitioner's unexhausted and procedurally defaulted claims [Doc 25]. On September 1, 2010, the Court granted in part and denied in part the Respondent's motion [Doc. 30]. In its Order, the Court dismissed several of the Petitioner's claims, including Claim XXII alleging racial animus by one of the jurors.

Specifically, the Court found that Claim XXII was procedurally defaulted. The Petitioner has now filed a Motion for Reconsideration [Doc. 32]. The Petitioner asserts that the Court's ruling with respect to Claim XXII was incorrect and requests an evidentiary hearing.

## II.  Motion for Reconsideration Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment. See FED. R. CIV. P. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Group Corp., 753 F.2d 862, 866 (11th Cir. 1984)). The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E. A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." Godby v. Electrolux Corp., No.

1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994). Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

### III. Discussion

The Petitioner did not specify whether his Motion for Reconsideration was filed pursuant to Rule 59(e) or Rule 60(b). Thus, the Court will address both rules. A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed R. Civ. P. 59(e). Here, the Court entered its Order

on September 1, 2010. The Petitioner filed this motion on November 5, 2010, 64 days after the entry of judgment. Thus, the Petitioner's motion is untimely under Rule 59(e). See Marous Bros. Const., Inc. v. Alabama State Univ., No. 02:07-CV-384, 2010 WL 2773422, at *2 (M.D. Ala. July 14, 2010).

Federal Rule of Civil Procedure 60(b) authorizes relief from a final judgment, order, or proceeding for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Here, the Court's Order granting in part and denying in part the Respondent's motion to dismiss was not a final order. Thus, the Court's Order cannot be vacated under Rule 60(b). See Bon Air Hotel v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970) (finding Rule 60(b) is inapplicable to interlocutory orders). Further, Rule

60(b) provides a limited number of grounds warranting relief.  See FED. R. CIV. P. 60(b)(1-5).  The Petitioner has not cited any of these grounds.  For these reasons, the Petitioner's motion is also improper under Rule 60(b).

    A.    <u>Claim XXII</u>

Even if the Motion for Reconsideration were proper under Rule 59(e) or 60(b), the Petitioner would not be entitled to relief.  Courts will reconsider a judgment only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."  <u>Godby</u>, 1994 WL 470220, at *1.  The Petitioner may not, however, "employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  <u>Brogdon</u>, 103 F. Supp. 2d at 1338.

Here, Fults does not present a change in controlling law, the availability of new evidence, or argue clear error.  Rather, the Petitioner raises a new argument seeking to show that cause and prejudice overcome procedural default with respect to Claim XXII.  (Pet'r's Mot. for Recons., at 4.)  See <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991) (to overcome procedural default, petitioner must show (1) "cause for the default and actual prejudice as a result" or (2) "failure to consider the claim will result

in a fundamental miscarriage of justice."). Specifically, Fults asserts that the factual basis for his claim of racial animus was not reasonably available during his direct appeal. This, the Petitioner argues, constitutes cause to overcome procedural default. Fults also claims that prejudice may be assumed because racial bias is a structural defect. Finally, the Petitioner contends that he suffered actual prejudice because a juror's racial animus influenced Fults' sentence. The Petitioner, however, did not raise these arguments in response to the motion to dismiss[1] and has not explained why he failed to do so. Thus, Fults cannot raise these arguments for the first time now. See O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992) (quoting Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990)) (denying rule 59(e) motion and noting "[m]otions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued . . . Denial of a motion to amend is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'"). In any event, the evidence of racial bias is based entirely upon inadmissible juror impeaching evidence. For these reasons, the Petitioner's Motion for Reconsideration should be denied.

---

[1] In opposition to the Respondent's motion to dismiss, Fults argued that ineffective assistance of counsel excused the procedural default (Pet'r's Br. on Procedural Default and Exhaustion of State Remedies, at 21.)

B.     Request for Evidentiary Hearing

In the alternative, the Petitioner requests an evidentiary hearing on the issues of cause and prejudice. Fults first requested an evidentiary hearing in his brief opposing the motion to dismiss. (Pet'r's Br. on Procedural Default and Exhaustion of State Remedies, at 5 n.6.) The Court denied this request, noting that the state habeas court already conducted an evidentiary hearing [Doc. 30, p. 18]. Fults simply reiterates his request, this time with respect to new arguments. "A motion for reconsideration should not be used to reiterate arguments that have previously been made." Godby, 1994 WL 470220, at *1. Here, the Court has already considered and denied Fults' request for an evidentiary hearing. See id. ("[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.") (quoting Above the Belt, 99 F.R.D. at 101); Brogdon, 103 F. Supp. 2d at 1338 (a party "may not employ a motion for reconsideration as a vehicle to . . . repackage familiar arguments to test whether the Court will change its mind."). Further, the Petitioner does not present any change in case law, new evidence, or argue that the Court committed clear error in declining to hold such a hearing. For these reasons, Fults' request for an evidentiary hearing is denied.

## IV. Conclusion

For the reasons set forth above, the Petitioner's Motion for Reconsideration [Doc. 32] is DENIED.

SO ORDERED, this 4 day of February, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge